No. 15,987.

SUN INDEMNITY COMPANY OF NEW YORK *v.* LANDIS ET AL.

(201 P. [2d] 602)

Decided December 27, 1948.

Messrs. STRACHAN, HORN & ANDERSON, for plaintiff in error.

Messrs. BANNISTER, BANNISTER & WELLER, Messrs. BANNISTER, WELLER & FRIEDRICH, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action by the Sun Indemnity Company of New York, as subrogee of the Pikes Peak Automobile Company. No issue is raised as to plaintiff's status as subrogee. The New Amsterdam Casualty Company is joined as party defendant by virtue of its being an insurer of defendants Landis, and it is unnecessary to determine whether it was properly joined as a party herein. Accordingly, the case may be considered as though brought by the Pikes Peak Automobile Company against the defendants Landis, and we shall refer to them as Pikes Peak Co. and Landises respectively, to plaintiff in error as plaintiff, and to the prior suit brought by McGowan and Alloway as the McGowan case. The trial court sustained motions of defendants to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted and review is here sought of that ruling.

The complaint alleges:

II.

"That on or about September 20, 1941, Lula P. McGowan and Irene Alloway commenced actions in the District Court of El Paso County, Colorado, against The Pikes Peak Automobile Company, a corporation, and Norma I. Landis and Ray Landis for the recovery of damages arising from injuries caused by the negligence of Norma I. Landis and Ray Landis; that on the 8th day of December, 1942, said Lula P. McGowan and Irene Alloway obtained a judgment against Norma I. Landis, Ray Landis and The Pikes Peak Automobile Company, a corporation, with a provision that The Pikes Peak Automobile Company, a corporation, was awarded a judgment against Norma I. Landis and Ray Landis in the amount of the judgment recovered by Lula P. McGowan and Irene Alloway.

\* \* \*

## V.

"That in investigating and defending the claims and actions referred to in paragraph II, and pursuant to the contract set out in paragraph IV, this plaintiff was required to, and did, pay for and on behalf of The Pikes Peak Automobile Company, a corporation, the following amounts, to-wit: The sum of $86.89 to Handlan, Garden & Matthews, the sum of $48.88 to James M. Hengst, and the sum of $1167.47 to Strachan and Horn, no part of which money so expended has been paid by these defendants, or any of them, to this plaintiff."

The agreed statement of facts, upon which the matter is submitted, discloses that the McGowan case referred to in the complaint was the action reviewed by this court in *Landis et al. v. McGowan et al.*, 114 Colo. 355, 165 P (2d) 180; that said action was defended by both Pikes Peak Co. and Landises; that said defendants therein litigated the issue of liability between themselves upon cross claim; that the judgment on that issue was in favor of Pikes Peak Co. and against Landises; that costs therein were awarded to Pikes Peak Co. as well as to McGowan; that an appeal was taken by Landises from both judgments; that both were sustained by this court; that Landises have paid the judgments including costs awarded Pikes Peak Co. and satisfactions thereof have been entered; that the sum sought in the present action is for expense of taking depositions for use in the prior trial and attorney fees and disbursements therein, including $250.00 paid for services of attorneys in connection with the appellate proceedings wherein Pikes Peak Co. obtained affirmance of its judgment against Landises.

Does Plaintiff's complaint state a cause of action?

Under our liberal rules of pleading, we are not restricted to the specific allegations included in the complaint, but only by the nature of the claim being made as disclosed by the complaint, the agreed statement of

facts and the opinion of the court in *Landis v. McGowan, supra.*

Plaintiff urges that where the wrongful act of defendant has involved the plaintiff in litigation with others, his costs and expenses, including attorney fees, are legal consequences of the wrongful act, and recoverable as damages. Broadly, that is true, but the indemnitee is not entitled to attorney fees incurred in connection with trial of the issue of indemnity. *Stickney v. Goward,* 161 Minn. 457, 201 N.W. 630, 39 A.L.R. 1216 and ann. 39 A.L.R. 1218; *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354.

In the trial of the McGowan case there was litigated not only the issue between McGowan et al. against both defendants Pikes Peak Co. and Landises, but also the issue between those defendants as to which of the two was primarily liable. The determination of that issue was necessarily dependent on and necessarily established the relation of indemnitor and indemnitee between them. Plaintiff is not entitled to recover attorney fees incurred in determining that issue. Further, since it appears that Pikes Peak Co. did not seek review in this court of the judgment against it in the McGowan case but only resisted the attempt of Landises to have reversal of its judgment against them, no part of the $250.00 attorney fee incurred by plaintiffs in connection with such appellate proceedings could be recovered.

Assuming that plaintiff should attempt upon trial of the case to allocate its attorney fees incurred in the McGowan case as between the two issues there involved and determine the proportion properly chargeable to its defense against the McGowan claim, is it entitled to recover in this action for expense of deposition and attorney fees in defending against that claim?

There seem to be divergent views as to right of recovery of attorney fees incurred by indemnitee in defense of the claim indemnified against where indemnitor was not requested to and did not defend in behalf of

indemnitee or where it did defend but the indemnitee joined, as here, in such defense. *Fidelity & Casualty Co. v. Northwestern Telephone Exch. Co.,* 140 Minn. 229, 167 N.W. 800; *Hartford Accident & Indemnity Co. v. Dahl,* 202 Minn. 410, 278 N.W. 591; *City of Ft. Scott v. Pen Lubric Oil Co.,* 122 Kan. 369, 252 Pac 268; *Ireland v. Linn County Bank,* 103 Kan. 618, 176 Pac. 103; *Miller v. New York Oil Co.,* 34 Wyo. 272, 243 Pac. 118. No case has been called to our attention where, as here, the issue of liability as between indemnitor and indemnitee was raised and determined by counterclaim between them in the same action in which recovery was had against both. In such case the fact that the indemnitor as well as the indemnitee was defendant in the action against the liability of both, and the further fact that it would be patently impossible with any degree of certainty to allocate the attorney fees incurred between the two issues involved in the suit, persuade us to hold that attorney fees of the indemnitee should not be recovered.

█ In any event, the right of recovery of the indemnitee against the indemnitor is a single right of action which cannot be split. Attorney fees and costs of deposition are recoverable only as part of the damages resulting from defendants' wrongful act. Having asserted claim for such damages by cross claim in the former action, plaintiff could not split his cause of action and recover on part of it there and part of it by 'this subsequent action. He should have made proof of his expense of deposition and attorney fees, if any right of recovery existed therefor, in the former suit, and any right therefor is now res judicata.

The motions to dismiss were properly sustained and the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.