No. 23061.

R. W. Davis and Gerald P. Davis, d/b/a Davis Auto Top & Body Service v. Frank Ciancio, Jr., and State Farm Mutual Automobile Insurance Company, an Illinois corporation.

(470 P.2d 30)

Decided June 1, 1970.

ROBERT LELAND JOHNSON, for plaintiffs in error.

BRENMAN, CIANCIO, ROSSMAN & BAUM, MARTIN ZEROB-NICK, for defendant in error Frank Ciancio, Jr.

WORMWOOD, WOLVINGTON, RENNER and DOSH, ROBERT C. MILLER, for defendant in error State Farm Mutual Automobile Insurance Company.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS was an action to recover the cost of repairing an automobile. The parties appear here in the same order as they did in the trial court. The plaintiff Gerald P. Davis is referred to as Mr. Davis; and the defendants are referred to respectively as Mr. Ciancio and State Farm. Trial was to a jury and at the conclusion of the plaintiffs' case, the trial court directed a verdict in favor of the defendants and ordered the complaint dismissed. We affirm as to Mr. Ciancio and reverse as to State Farm.

The evidence is stated in a light most favorable to the plaintiffs.

The automobile of a Mrs. Norwood was involved in a collision with another car — which was insured by State Farm. Mr. Davis testified that, prior to commencement of the repair work on the Norwood vehicle, a representative of State Farm assured him that, if the

plaintiffs would repair the car, State Farm would place the plaintiffs' business name on any check issued to Mrs. Norwood in settlement of her claim against the driver of the other car. During another portion of his testimony Mr. Davis stated at the time of this conversation the representative promised that State Farm would pay for the repair.

Acting in reliance upon the statements made by the representative of State Farm, the plaintiffs commenced repair of the car. When the job was about three-quarters completed, Mr. Davis contacted the representative of State Farm and again was assured that the firm name would be placed upon the settlement draft. When the repair work was about five-sixths completed, a representative of State Farm advised Mr. Davis that Mrs. Norwood had obtained an attorney (Mr. Ciancio) and that the plaintiffs should not release the car until payment was received from her.

There were conversations between Mr. Ciancio and Mr. Davis in which Mr. Ciancio indicated that he would be a co-signer with Mrs. Norwood on a note securing the payment of the repair bill. However, nothing transpired in this particular as the finance company with which the plaintiffs dealt did not approve the transaction.

Thereafter, a settlement was effected under which State Farm issued a draft in the amount of $2,200 payable to Mrs. Norwood and Mr. Ciancio. The plaintiffs received no part of this.

There is no testimony in the record that Mr. Ciancio either agreed to be responsible for the payment of the repair bill or agreed to pay the plaintiffs out of any settlement made by Mrs. Norwood with State Farm. We can find nothing in the record to form the basis of liability on the part of Mr. Ciancio.

We were told at oral argument that there was a pre-existing chattel mortgage outstanding on the vehicle and that this made the plaintiffs' repairmen's lien a valueless

thing. While this information is not in the record, we regard it as having inferential plausability.

State Farm argues that the alleged contract would be void under the portion of the Statute of Frauds relating to a promise to pay the debt of another. C.R.S. 1963, 59-1-12(1)(c). The trial court made no comment as to the Statute of Frauds. Instead, the trial court simply found that there was no contract between State Farm and the plaintiffs. The following constitutes the entire finding made by the court insofar as State Farm is concerned:

"The Court fails to find any contract between the insurance company and Davis. There was an estimate submitted, which estimate was agreed to be fair and reasonable apparently by the insurance company, and the insurance company has actually paid the money over to Mrs. Norwood and Mr. Ciancio. Bearing in mind, all the time that this car is still in the possession of the defendant, I think the court has no alternative except to grant both motions in this case and dismiss the complaint."

Our reversal is predicated upon this finding of no-contract because, in light of the evidence submitted by the plaintiffs, there was a showing of a contract — in fact of two different contracts. We deem it of some possible benefit, however, to carry our comment further.

An agreement to place a person's name upon a settlement check is not a promise to pay the debt of another, although performance of the promise may result in the discharge of the debt of another. See *Armstrong v. First National Bank of Bolivar,* 195 S.W. 562, (Mo. App.). In the posture in which this matter is submitted to us, we are not going to examine the purported promise to put the name on the check in the light of other portions of the Statute of Frauds, except to mention that 2 *A. Corbin on Contracts* §363 indicates that such a promise may not be within any of the prohibited subsections of the Statute of Frauds. As the trial court did not consider them, neither do we propose to discuss other rules which might

remove the alleged contract from Statute of Frauds proscription.

Plaintiffs alleged in their complaint that before repairs were commenced State Farm had promised to pay for the repairs and that the plaintiffs had relied thereon; and it is argued that the promise to put the name on the check was not embraced within the pleading. If the parties proceed further with this litigation (the amount of the repair bill was $398.12), the court can consider whether the nature of the claim was sufficiently disclosed by the complaint. See *Sun Co. v. Landis,* 119 Colo. 191, 201 P.2d 602. Also, the question of an amendment to the complaint may arise before retrial.

The judgment in favor of Mr. Ciancio is affirmed and, with respect to State Farm, the matter is remanded for retrial.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.