MARGARET PFEIFER, TRUSTEE OF THE SURVIVING
SPOUSE AND NEXT OF KIN OF JOSEPH PFEIFER,
v. TRUCK CRANE SERVICE COMPANY.

242 N. W. 2d 587.

April 30, 1976—No. 46040.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp &
Brennan, O. C. Adamson II,* and *John H. Riley,* for appellant.

*Lasley, Gaughan, Reid & Stich* and *John F. Angell,* for re-
spondent.

Heard before Kelly, MacLaughlin, and Scott, JJ., and con-
sidered and decided by the court en banc.

PER CURIAM.

Truck Crane Service Company, defendant and third-party
plaintiff, appeals from an amended judgment in so far as it

denies appellant attorneys fees from third-party defendant, Wal-Truss Company. We affirm.

The trustee of the widow and next-of-kin of Joseph Pfeifer, an employee of Wal-Truss who was killed when the boom of a crane came into contact with a power line, brought an action for wrongful death against one Charles Olson, the operator of the crane involved, and Truck Crane, the alleged employer of Olson. Truck Crane tendered defense of the action to Wal-Truss on the ground that Olson was the loaned servant of Wal-Truss at the time of the accident. (Truck Crane had apparently leased the crane to Wal-Truss and furnished Olson to operate it.) Wal-Truss declined tender, and the action proceeded to trial with Wal-Truss joined as a third-party defendant on the theory that it, as the actual employer of Olson, would be obligated to indemnify Truck Crane against any liability arising from Olson's negligence. The jury found the deceased, Joseph Pfeifer, 100-percent negligent and found Olson to be the employee of Wal-Truss, and judgment for defendants was entered. The judgment was not appealed from and has become final.

Truck Crane argues that it is entitled to recover its attorneys fees from Wal-Truss because Wal-Truss wrongfully refused to defend crane operator Olson and forced Truck Crane to do so. The trial court disagreed and so do we. Neither Truck Crane nor Wal-Truss was obligated to defend Olson. Truck Crane cites no law, nor are we aware of any, that obligates an employer to defend his employee, absent an express agreement to do so. It would have been gratuitous for Wal-Truss to have done so for the further reason that its liability to its employee, Pfeifer, was limited by the Workers' Compensation Act, Minn. St. c. 176. It follows that Truck Crane undertook the defense not to protect Olson but to protect its own independent interests as defendant.[1]

---

[1] It also follows that any intervention of Truck Crane *only on behalf of Olson* was gratuitous and not entitled to equitable consideration. Of course, the practical result in the conduct of the lawsuit is the same—Truck Crane attempts to reduce Olson's negligence, increase Pfeifer's negligence, and reduce the damages.

Truck Crane further maintains that it was denied attorneys fees only because plaintiff's litigation was unsuccessful, apparently maintaining that, if Olson had been held liable, it would undoubtedly have recovered attorneys fees under Prior Lake State Bank v. Groth, 259 Minn. 495, 108 N. W. 2d 619 (1961). This contention is incorrect. If Olson had been found liable, any further liability of the parties here would have been contingent on their status as employers. If Olson were found to be the employee of Wal-Truss, Truck Crane would not have been liable *at all*. The loaned-servant rule would have operated as an absolute defense to bar liability. Nepstad v. Lambert, 235 Minn. 1, 50 N. W. 2d 614 (1951); Knutson v. Lambert, 235 Minn. 328, 51 N. W. 2d 580 (1951). In addition, Wal-Truss would not have been liable because of workers' compensation. If, on the other hand, Olson were found to be the employee of Truck Crane, Truck Crane would have been liable and not Wal-Truss.[2] In either case, Wal-Truss is not liable to anyone. Also, in either case, Truck Crane is defending against its own liability, not anyone else's.

We have reviewed the foreign authorities and Restatement sections cited by Truck Crane and find them not in point or not sufficiently persuasive to require further discussion. Since Wal-Truss owed Truck Crane no duty to defend Olson or anyone else, attorneys fees were properly denied.[3]

Affirmed.

---

[2] Truck Crane cites no authority which would support a claim of indemnity against Wal-Truss if Truck Crane had been found the employer of Olson. Truck Crane's pretended claim of indemnity as alleged in its third-party complaint is no more than an assertion of its loaned-servant defense under Nepstad v. Lambert 235 Minn. 1, 50 N. W. 2d 614 (1951), and Knutson v. Lambert, 235 Minn. 328, 51 N. W. 2d 580 (1951).

[3] We would also note that Truck Crane's conduct in fully defending the lawsuit indicates to us that there was a genuine factual dispute as to which party, Truck Crane or Wal-Truss, was the employer of Olson. While Truck Crane seems to assume that it was not the employer because of the loaned-servant rule, the record does not disclose any motion for summary judgment on that ground. Although the

record does disclose that its motion for directed verdict was denied, Truck Crane does not challenge this action or provide us with a record on which we might examine it. Under these circumstances, it appears that the loaned-servant issue was a bona fide issue of fact tried between the parties. Under well-established law, Truck Crane is not then entitled to attorneys fees merely because the jury found in its favor on the issue.