SAFEWAY STORES, INC., Appellant,

v.

CHAMBERLAIN PROTECTIVE SERVICES, INC., Appellee.

No. 79–1043.

District of Columbia Court of Appeals.

Argued Nov. 5, 1981.

Decided Sept. 15, 1982.

William L. Fallon, with whom Arthur B. Hanson, Washington, D. C., was on brief, for appellant.

Bernard J. Harig, Washington, D. C., was on brief, for appellee.

Before NEBEKER, PRYOR and BELSON, Associate Judges.

PRYOR, Associate Judge:

This is an appeal from an order denying appellant recovery of attorney's fees and expenses. The case presents two related issues: whether one joint tort-feasor, who defended not only claims concerning the tortious conduct of an employee of the other joint tort-feasor but also allegations of its own separate and independent negligence, may recover attorney's fees and expenses (1) under an exception to the rule against recovery of attorney's fees, or (2) under an implied obligation of indemnity. We conclude that neither theory entitles appellant to recover attorney's fees and expenses. Accordingly, we affirm.

### I

The present action arose from a suit for damages brought by Cornell Simpson[1] against Safeway Stores, Inc., and Chamberlain Protective Services, Inc.[2] for an alleged assault and battery by a security guard employed by Chamberlain under an oral contract and working at a Safeway store in Northwest Washington in 1974. Simpson alleged a dual theory of liability against both defendants: (1) that they were directly liable for negligently hiring, training, and supervising the guard, and (2) that they were vicariously liable for the tortious conduct of the guard. In response to Safeway's written request to Chamberlain to defend the allegations against Safeway, Chamberlain refused on the ground that Chamberlain did not have an obligation to indemnify Safeway. Safeway then cross-claimed against Chamberlain for indemnification or contribution for the amount, if any, recovered by Simpson and for costs and reasonable attorney's fees. Safeway argued that Chamberlain was an independent contractor primarily liable for any loss or damage suffered by Simpson since (1) the damage resulted from the guard acting within the scope of his employment with Chamberlain without participation or ratification by Safeway, or (2) the damage resulted from the primary negligence of Chamberlain in hiring, training and supervising the employee. After a trial the jury found both defendants liable in the amount of $6,000 but denied Safeway's claim for indemnification.

Pursuant to Super.Ct.Civ.R. 50(b) Safeway successfully moved for judgment *non obstante veredicto (n.o.v.)* regarding its direct liability for hiring, training, and supervising the guard. However, the trial judge denied Safeway's motion for judgment *n.o.v.* regarding its vicarious liability for the actions of the guard. The court found that there was sufficient evidence from which the jury could find that Safeway had the right to control the guard in his duties, thereby creating a master/servant relationship which served as the basis for Safeway's vicarious liability for the guard's tortious conduct. In addition, the trial court granted judgment *n.o.v.* for Safeway regarding its cross-claim for indemnification, finding an implied obligation for Chamberlain to indemnify Safeway. Safeway then filed a motion for attorney's fees and expenses in the amount of $9,872.86, to be paid by Chamberlain as part of its obligation of indemnity. The trial court denied that motion on the ground that Safeway, as a joint tort-feasor with Chamberlain, was not entitled to recover attorney's fees. The court explained:

> Safeway's request is based upon an exception to [the American] rule that permits an award of attorney's fees and costs against a party who wrongfully involves a third party in litigation.
>
> On the facts of this case, involving joint tort-feasors, the Court, in the exercise of its discretion, concludes that an award of fees to Safeway is not warranted.

The denial of attorney's fees and expenses is the only issue on appeal.

### II

It is a general rule that a plaintiff litigating a civil action must bear his own attorney's fees and expenses absent a contractual or statutory basis for liability. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 246–55, 95 S.Ct. 1612, 1616–1620, 44 L.Ed.2d 141 (1975); *AFSCME v. Ball,* D.C.App., 439 A.2d 514 (1981); *Biddle v. Chatel,* D.C.App., 421 A.2d 3, 7 (1980).[3] A well recognized

---

1. Mrs. Irene Simpson originally filed the suit on her own behalf and as mother and next friend of Cornell Simpson, who was then a minor. After plaintiff's counsel withdrew Mrs. Simpson's claim for medical expenses and Cornell reached majority, the pretrial judge allowed Cornell to proceed without his mother being a party to the case.

2. Initially, plaintiff also named John Henry Doughty, the security guard, as a defendant in the action but dismissed all claims against him before trial.

3. 22 Am.Jur.2d *Damages* § 165 (1965); 25 C.J.S. *Damages* § 50a (1966). *See 1901 Wyoming*

exception to this "American Rule" [4]—that each party bear his own expenses of litigation—allows a party wrongfully involved in litigation with a third party to recover from the wrongdoer the expenses of such litigation, including attorney's fees. *Id.; Brem v. United States Fidelity & Guaranty Co.,* D.C.App., 206 A.2d 404, 407 (1965).[5] To enjoy the benefit of this narrow exception, a party must show that:

(1) [t]he plaintiff must have incurred attorney's fees in the prosecution or defense of a prior action;

(2) the litigation ordinarily must have been with a third party and not with the defendant in the present action; and

(3) the plaintiff must have become involved in such litigation because of some tortious act of the defendant. [*Biddle v. Chatel, supra* at 7].

▆▆ Appellant contends that it is entitled to attorney's fees under this exception.[6] We disagree. First, Safeway did not incur attorney's fees in the defense of a prior action. The mere fact that the attorney's fees were incurred in the same action, rather than in a prior one, may not preclude a party from recovering under this exception in every case. *See Prentice v. North American Title Guaranty Corp.,* 59 Cal.2d 618, 621, 30 Cal.Rptr. 821, 823, 381 P.2d 645, 647, 30 Cal.Rptr. 821, 823 (1963) (en banc); 25 C.J.S. *Damages* § 50e, at 789 (1966). As we pointed out in *Biddle,* the California courts have applied *Prentice* only where the alleged wrongful party responsible for the original litigation would have escaped all liability (except costs) but for the award of attorney's fees. *Biddle v. Chatel, supra* at 8. Here, that is not the case. Chamberlain has not escaped liability but rather has paid Simpson the full $6,000 jury award. There-

fore, the special circumstance in *Prentice* is not present here. However, just as in *Biddle,* we need not decide here whether considerations of judicial economy warrant us in overlooking this requirement since Safeway fails to meet the third requirement of the *Biddle* exception—that some tortious act of Chamberlain wrongfully involved Safeway in the litigation. Under the wrongful involvement in litigation exception, a party is considered to have committed a wrongful act whether he did it personally or through an agent for whom he is responsible. *Turner v. Zip Motors Inc.,* 245 Iowa 1091, 1099, 65 N.W.2d 427, 430 (1954); 25 C.J.S. *Damages* § 50e, at 788 (1966). The author of the tortious act in the case at bar was an employee for whom both Safeway and Chamberlain were responsible under the doctrine of respondeat superior, a ruling that Safeway does not challenge on appeal. Since it is immaterial to liability whether each principal committed the tort personally or through an agent, Safeway, just as much as Chamberlain, can be said to have committed the wrongful act. Thus, Safeway's argument that it was a passive or secondary tort-feasor does not bring it within this exception since both Safeway and Chamberlain were passive or secondary tort-feasors, the primary or active tort-feasor being the guard. Therefore, appellant cannot prevail on the theory that tortious acts of Chamberlain wrongfully involved it in this litigation.

### III

We turn now to appellant's second contention that it is entitled to attorney's fees under Chamberlain's implied obligation of

---

*Ave. Cooperative Ass'n v. Lee,* D.C.App., 345 A.2d 456, 464 (1975) (counsel fees not generally allowed prevailing party as damages or costs); *F. W. Berens Sales Co. v. McKinney,* D.C.App., 310 A.2d 601, 602 (1973) (same). *See also* D.C.Code 1981, § 15–701.

4. *Alyeska Pipeline Service Co. v. Wilderness Society, supra* 421 U.S. at 245, 95 S.Ct. at 1615; *Trilon Plaza Co. v. Allstate Leasing Corp.,* D.C. App., 399 A.2d 34, 37 (1979).

5. 22 Am.Jur.2d *Damages* § 166 (1965); Annot., 45 A.L.R.2d 1183 (1956); 25 C.J.S. *Damages* § 50e (1966); Restatement (Second) of Torts § 914 (1979).

6. The parties withheld briefing on this appeal to await the outcome of our decision in *Biddle v. Chatel, supra.*

indemnity.[7] The precise issue before us is whether an indemnified tort-feasor can recover attorney's fees from his codefendant tort-feasor under an implied obligation of indemnity where the indemnitee successfully defended, in part, allegations of its own negligence, but unsuccessfully defended allegations of its vicarious liability for the acts of the employee of the indemnitor.

Where the right of indemnity arises under a contract or is implied by law, several states follow the rule that the indemnified party may recover attorney's fees and expenses incurred in resisting the indemnified claim. *See, e.g., Perkins State Bank v. Connolly,* 632 F.2d 1306, 1315 (5th Cir. 1980); *Cormier v. Rowan Drilling Co.,* 549 F.2d 963, 971 n.9 (5th Cir. 1977); *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 491 F.2d 192, 198 n.9 (8th Cir. 1974); *A. C. Israel Commodity Co. v. American-West African Line, Inc.,* 397 F.2d 170, 172 (3d Cir.), *cert. denied sub nom. Lavino Shipping Co. v. American-West African Line, Inc.,* 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968); *McDonough Construction Co. v. H. B. Fowler & Co., Inc.,* 281 F.Supp. 90, 95 (E.D.La.1968); *General Electric Co. v. Mason & Dixon Lines, Inc.,* 186 F.Supp. 761, 762 (W.D.Va.1960); 27 Am.Jur. *Indemnity* § 27 (1940); 41 Am.Jur.2d *Indemnity* § 36 (1968); 42 C.J.S. *Indemnity* §§ 13d, 24 (1944). The purpose of allowing recovery of attorney's fees for certain indemnified tort-feasors is to reimburse "the defense costs of a party held constructively liable 'because of the actual default of another *for whose benefit the defense [was] really conducted....*'" *Davis v. Air Technical Industries, Inc.,* 22 Cal.3d 1, 5, 148 Cal.Rptr. 419, 421, 582 P.2d 1010, 1012 (1978) (en banc), *quoting Chesapeake & Ohio Canal Co. v. County Commissioners,* 57 Md. 201, 226 (1881) (emphasis added). In some circumstances, however, a person may recover common law indemnity but not recover attorney's fees. *Epley v. S. Patti Construction Co.,* 228 F.Supp. 1, 5 (N.D.Iowa 1964). Several courts have held that a party may recover attorney's fees and expenses from

another party under an implied indemnity obligation only when he is defending *solely* against an act of the other party and not against his own negligence. 42 C.J.S. *Indemnity* § 24 (1944).

The early case of *Westfield v. Mayo,* 122 Mass. 100 (1877) adopted that principle, explaining it as follows:

> If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends *solely* and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such a party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense. [*Id.* at 109 (emphasis added).]

Clarifying the scope of that rule was the leading products liability case of *Rauch v. Senecal,* 253 Iowa 487, 112 N.W.2d 886 (1962). In *Rauch,* the court denied recovery of attorney's fees and expenses sought by the supplier of a gas heater from the manufacturer and distributor despite the fact that the supplier successfully defended against allegations of his own negligence. *Id.* at 493, 112 N.W.2d at 889. The plaintiff, injured by an explosion of the heater, had alleged in the initial action that the supplier had negligently failed to warn the purchaser of the dangerous safety characteristics and had negligently failed to inspect the heater. *Id.* at 491–92, 112 N.W.2d at 888. The court characterized these allegations as direct charges of primary negligence for which the supplier had to bear his own costs. *Id.* at 493–94, 112 N.W.2d at 889–90. The court held:

> [A] defendant who successfully defends against his own primary negligence, in part at least, may not recover his expenses as indemnity against a codefendant who is found liable for negligence. This is so even though some charges of

---

7. In this appeal, Chamberlain does not challenge the trial court's finding of its implied obligation to indemnify Safeway. Accordingly, we do not disturb that ruling.

negligence were made, and defended, as to which the liability of the first defendant was secondary only to that of the second defendant. [*Id.*]

In looking to the allegations contained in the pleadings, rather than the outcome, to determine whether a defendant had to bear his own attorney's fees, the *Rauch* court explained:

> We are not concerned with the question of whether this was a good allegation of negligence, or whether it was ultimately submitted to the jury. The question of importance is, was this a direct allegation of his own negligence which the defendant ... was defending? ... [T]hat he may have defended it successfully is not material. [*Id.* at 492, 112 N.W.2d at 889.]

Subsequently, an Iowa court in *Peters v. Lyons*, 168 N.W.2d 759 (Iowa 1969), held that "the facts as found by the trier thereof" and not the allegations of the pleadings should control recovery of attorney's fees, when no primary acts of negligence are alleged. *Id.* at 769–70. The court reasoned:

> [T]he determination of [recoverability of attorney's fees] as between indemnitor and indemnitee should not rest on the presence or absence of such pleading by a third party, who through an overabundance of caution or optimism alleges more (or less) than he can prove. [*Id.*]

However, the *Peters* court did not disturb the rule developed in *Rauch* that "if the person seeking indemnity defended against even one *charge* of active or primary negli-

gence, indemnity is barred." *Sweeny v. Pease*, 294 N.W.2d 819, 821 (Iowa 1980) (emphasis added); *see Peters v. Lyons, supra* at 769–70.

Following the *Rauch* rule in products liability cases, courts have prohibited suppliers and distributors from recovering attorney's fees and expenses from manufacturers under an implied theory of indemnity where the former were defending against allegations of their own negligence. *Weston v. Globe Slicing Machine Co.*, 621 F.2d 344, 349 (9th Cir. 1980); *Davis v. Air Technical Industries, Inc., supra* 22 Cal.3d at 6, 148 Cal.Rptr. at 421–22, 582 P.2d at 1012–13; *Sorenson v. Safety Flate, Inc.*, 306 Minn. 300, 306, 235 N.W.2d 848, 852 (1975); *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 156–57 (Mo.1967); *Conrad v. Suhr*, 274 N.W.2d 571, 578 (N.D.1979); *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251, 260 (S.D.1976).

Outside the area of products liability, courts have used reasoning similar to *Rauch's* to deny a party's recovery of attorney's fees under an implied obligation of indemnity where that party was defending allegations of his own negligence. *See Leingang v. Bottled Gas Corp.*, 332 F.2d 959, 962–63 (7th Cir. 1964) (installer of liquid petroleum gas cylinder not entitled to attorney's fees from pipeline company where installer defended in part allegations of own negligence);[8] *Lennon v. Aluminum Co. of America*, 279 F.Supp. 487, 489 (S.D. Iowa 1968) (owner of premises not entitled to attorney's fees from contractor where owner successfully defended solely against

---

**8.** That case involved a personal injury and wrongful death action brought after an explosion of liquid petroleum gas in a home. *Id.* at 959. After initially alleging several counts of negligence against the installer of the gas cylinders, the plaintiff filed a second complaint alleging only one count of negligence—failure to malodorize the gas—against both the installer and the pipeline company. *Id.* at 960–61. Prior to trial the parties entered into a settlement agreement in which the pipeline company, but not the installer, made some payments to the plaintiff. *Id.* at 961. The court of appeals denied recovery of the installer's claim for attorney's fees from the pipeline company. *Id.* at 962. The court reasoned that the installer would not have been content to rely on the

codefendant pipeline company's denial of negligence "as it had no right to rely upon [the pipeline company] to defend it from acts of negligence alleged solely against it." *Id.* The court explained:

> The point of prime importance is that [the installer] was charged with numerous acts of negligence at the time it called upon [the pipeline company] to defend. The fact that [the installer] was relieved from liability by the settlement agreement is of no importance. [*Id.*]

Furthermore, the court noted that the installer incurred a large amount of the legal fees on its own behalf in defending its own alleged tort both before and after the filing of the amended complaint. *Id.* at 962–63.

allegations of his own negligence raised by employee of contractor); *Pfeifer v. Truck Crane Service Co.,* 308 Minn. 279, 280, 242 N.W.2d 587, 588 (1976) (general employer of crane operator not entitled to attorney's fees from another company held to be his actual employer under borrowed servant rule where general employer undertook defense to protect own independent interests).[9]

■ In the circumstances of the case before us, Safeway was defending allegations of its own negligence in hiring, training and supervising the guard. Following the logic of cases such as *Rauch* and *Leingang,* the fact that Safeway successfully defended itself from this charge is immaterial to its obligation to bear its own attorney's fees. As to this aspect of the case, Safeway could not reasonably rely on Chamberlain to defend it. Rather, Safeway was obliged to conduct its defense for its own benefits. Therefore, the rationale for allowing indemnification of its attorney's fees is not persuasive here.

We note that the trial court did not determine whether the allegations against Safeway of negligent hiring, training and supervising were allegations of primary acts of negligence. Indeed, the trial court based the obligation of indemnity on Chamberlain's breach of an implied duty owed Safeway, not on a determination that Chamberlain was the primary tort-feasor. The line between primary and secondary negligence is difficult to draw and depends on the circumstances in each case. However, even if we consider those allegations to be ones of secondary negligence, we are not prepared to follow the approach of *Peters, supra,* of looking to the outcome of the

litigation when secondary acts of negligence are alleged. An indemnitee defending against allegations of its own negligence is not doing so for the benefit of the indemnitor, but rather for itself. Therefore, attorney's fees and expenses are costs it should rightfully bear. Accordingly, we hold that allegations of negligent hiring, supervising and training constitute direct allegations of negligence for which Safeway cannot recover its attorney's fees and expenses from Chamberlain.[10]

## IV

Our final concern is whether, in denying recovery of the amount of attorney's fees Safeway spent on defending allegations of its own negligence in hiring, training and supervising, we should allow Safeway to recover the amount incurred in defending the vicarious liability claim for which it was indemnified, and the amount incurred in establishing Safeway's right to indemnity.

■ It is well-established that even where an indemnitee is entitled to recover attorney's fees incurred in resisting the indemnified claim, he is not entitled to recover the fees incurred in establishing the right of indemnity. *E.g., Ranger Construction Co. v. Prince William County School Board,* 605 F.2d 1298, 1304–05 (4th Cir. 1979); *Vallejos v. C. E. Glass Co., supra* at 510; *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra* at 198 n.9; *Grigsby v. Coastal Marine Service of Texas, Inc.,* 317 F.Supp. 1113, 1116 (W.D.La.1969); *General Electric Co. v. Mason & Dixon Lines, Inc., supra* at 766; *Sendroff v. Food Mart of Connecticut, Inc.,* 34 Conn.Supp. 624, 625, 381 A.2d 565, 566 (1977).

---

9. *But cf. Vallejos v. C. E. Glass Co.,* 583 F.2d 507, 513 (10th Cir. 1978) (contractor entitled to attorney's fees and costs where wrongful act of subcontractor involved it in litigation with others; *Koch v. City of Seattle,* 9 Wash.App. 580, 584–85, 513 P.2d 573, 576–77 (1973) (indemnitee entitled to attorney's fees and costs where he would not have incurred them but for indemnitor's sole and active negligence).

10. According to one authority:

A master may be [directly rather than merely vicariously] liable for injuries inflicted on a third person by his servant where he was guilty of negligence in *selecting* a servant incompetent or otherwise unfit to perform the services for which he was employed, and this is especially true where skill and capacity are required for the performance of the services require the use of instrumentalities which are very dangerous if not skillfully handled. [57 C.J.S. *Master and Servant* § 559 (1948) (emphasis added).]

Furthermore, an indemnitee may be denied recovery of attorney's fees from his codefendant indemnitor where the fees incurred in establishing his right to indemnity are considered inseparable from those incurred in defending the alleged negligence. *See Sun Indemnity Co. of New York v. Landis,* 119 Colo. 191, 201 P.2d 602 (1948). In that case an indemnitee [11] brought suit against the indemnitor to recover deposition costs and attorney's fees incurred in a former suit in which both were held liable for negligence as codefendants. *Id.* at 193, 201 P.2d at 603. A cross-claim in the initial suit had determined the liability for indemnity. *Id.* Thus, the posture of the first case was one in which the indemnitee had raised the issue of liability through a cross-claim against the codefendant/indemnitor in the same action in which recovery was had against both. *Id.* at 195, 201 P.2d at 604. The court explained that due to the posture of the first suit in which the indemnitor and indemnitee were codefendants, "it would be patently impossible with any degree of certainty to allocate the attorney fees incurred between the two issues involved in this suit." *Id.* Those two issues were liability for the initial negligence, for which the indemnitee might have recovered attorney's fees under the theory that the defendant's wrongful act involved it in litigation with others; and liability for indemnity, for which the indemnitee could not recover attorney's fees incurred in establishing its right thereto. *Id.* Accordingly, the court denied recovery of attorney's fees. *Id.*[12]

Several courts have also denied recovery of attorney's fees to an indemnitee even where he was defending only in part, but not solely, allegations of his own negligence. *See Leingang v. Bottled Gas Corp.,*

*supra* at 963; *Rauch v. Senecal, supra* 253 Iowa at 493, 112 N.W.2d at 889; *Farr v. Armstrong Rubber Co.,* 288 Minn. 83, 97, 179 N.W.2d 64, 72–73 (1970); *Conrad v. Suhr, supra* at 578. The difficulties in allocating costs in this situation are apparent. *Peters v. Lyons, supra* at 770.

The case before us today presents a more intricate posture than the one in *Sun Indemnity.* It parallels *Sun Indemnity* in that Safeway raised the issue of indemnity in a cross-claim against its codefendant Chamberlain in the same action in which both were held liable for negligence. However, the instant case is more complicated than *Sun Indemnity* because here there are intertwined two theories of negligence, both of which Safeway defended at trial, and for only one of which could Safeway recover attorney's fees. In these circumstances, we think it impossible to allocate attorney's fees and expenses among the two theories of negligence and the cross-claim for indemnity.[13] Therefore, we reject Safeway's claim for attorney's fees and expenses and affirm the lower court ruling which denied recovery.

*Affirmed.*

---

11. The plaintiff in the second suit was actually the subrogee of the company held to be an indemnitee in an earlier related suit, but the court considered the case as though brought by the indemnitee. *Id.* 119 Colo. at 192, 201 P.2d at 602–03.

12. Alternatively, the court held that under the doctrine of res judicata the former suit barred any subsequent claim to recover attorney's fees. *Id.* at 195, 201 P.2d at 604.

13. *But cf. Greater Westchester Homeowners Assoc. v. City of Los Angeles,* 26 Cal.3d 86, 104, 160 Cal.Rptr. 733, 742, 603 P.2d 1329, 1338 (1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980) (remand to allocate and award attorney's fees under causes of action for which statutes permit recovery of fees).