Caspa L. HARRIS, Jr., Plaintiff,

v.

**HOWARD UNIVERSITY, INC., Defendant.**

**No. Civ.A. 96–404(RCL).**

United States District Court, District of Columbia.

May 10, 1999.

**44**

Thomas Semmes Dann, Hewes, Gelbrand, Lambert & Dann, P.C., Washington, DC, for plaintiff.

Daniel I. Prywes, Steven Reinness, Pepper Hamilton, L.L.P., Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on (1) plaintiff's motion to amend the judgment entered October 13, 1998, (2) defendant's submission of a bill of costs, and (3) plaintiff's motion for attorneys' fees and other legal expenses. Upon consideration of the several motions and memoranda in support thereof and opposition thereto, (1) plaintiff's motion to amend the judgment will be denied, (2) defendant will be awarded costs, and (3) plaintiff's motion for fees and expenses will be denied.

## I. PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

Plaintiff's motion to amend the October 13, 1998 judgment is brought under Federal Rule of Civil Procedure 59(e). It is well established in this jurisdiction that the district court has the discretion to grant a Rule 59(e) motion if the court finds (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C.Cir.1998); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). Rule 59(e) motions are generally not to be used to reargue facts and theories on which the court has already ruled. *See Amoco Prod. Co. v. Fry*, 908 F.Supp. 991, 994 (D.D.C. 1995), *rev'd on other grounds*, 118 F.3d 812 (D.C.Cir.1997).

Plaintiff's motion to amend does nothing more than reassert the arguments raised in plaintiff's post-trial briefs, each of which was rejected by this Court in its decision of October 13, 1998. Plaintiff has pointed to no intervening change in controlling law, nor has he presented any new evidence. Likewise, he has failed to persuade the Court of a need to correct any clear errors or prevent any manifest injustice. Therefore, plaintiff's motion to amend the judgment will be denied.

## II. DEFENDANT'S BILL OF COSTS

Defendant submitted a bill of costs in the amount of $7,394.01. Plaintiff objects to the award of costs to defendant on two grounds: that the defendant was not

the prevailing party at trial, and that a proper exercise of discretion disfavors the award of costs to defendant.[1] Plaintiff is wrong, however, on both points. Any fair reading of this Court's memorandum opinion issued October 13, 1998 shows that the defendant prevailed at trial and is consequently entitled to costs under Federal Rule of Civil Procedure 54(d). The Court found entirely in favor of the defendant on two out of three of the counts alleged in plaintiff's complaint, and also rejected plaintiff's $1 million punitive damages claim. On the remaining count, the Court found simply that the defendant had failed to sufficiently prove plaintiff's gross negligence with regard to three loans accounting for just $638,380 out of the $9,242,359 for which the FDIC had asserted claims; the Court consequently awarded plaintiff pro-rated damages in the amount of $5,525.00, 6.9% of the $80,000 prayed for in plaintiff's complaint. There can be little dispute that defendant prevailed at trial, and the Court will award defendant reasonable costs in the amount of $7,394.01.

## III. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND OTHER LEGAL EXPENSES

Finally, plaintiff has moved the Court for an award of attorneys' fees and other legal expenses in the amount of $321,996.43.[2] Upon consideration of the motion, the opposition and reply thereto, and the record in this case, the Court finds that plaintiff is not entitled to any fees other than those awarded to him in the Court's October 13, 1998 decision. Plaintiff's motion will be denied.

■ It may be helpful to begin by pointing out the narrow (and apparently novel) question before the Court. It is clear under the laws of the District of Columbia that, as a general matter, the plaintiff is not entitled to recover fees expended to establish his right of indemnification from the defendant based solely on the indemnity relationship of the plaintiff and defendant. *See, e.g., Safeway Stores, Inc. v. Chamberlain Protective Servs.*, 451 A.2d 66, 72 (D.C.1982) ("It is well established that even where an indemnitee is entitled to recover attorney's fees incurred in resisting the indemnified claim, he is not entitled to recover the fees incurred in establishing the right of indemnity."). A distinct issue, and one that is apparently unresolved under District of Columbia law, is whether plaintiff is entitled to reimbursement of those fees and costs incurred in this litigation based on the defendant's qualified duty to defend the plaintiff, as set forth in the defendant's bylaws.

■ As a general matter, the District of Columbia "follows 'the American Rule under which ... "every party to a case shoulders its own attorneys' fees, and recovers from other litigants only in the presence of statutory authority, a contractual arrangement, or certain narrowly-defined common law exceptions,"' such as the conventional 'bad faith' exception." *Oliver T. Carr Co. v. United Techs. Comm. Co.*, 604 A.2d 881, 883 (D.C.1992) (citations omitted). Plaintiff presents no statutory authority for his claim for fees and costs, and the duty-to-defend clause in the defendant University's bylaws cannot fairly be read to create a contractual right to reimbursement of fees incurred in litigation against the University. Therefore, the question is whether this case calls for application of a "narrowly-defined common law exception" to the American Rule.

To begin with, the Court finds that the well-recognized "bad faith" exception to the American Rule is not applicable in this case. The Court explicitly asked the par-

---

1. Plaintiff also argued in its opposition that an award of costs would have been premature at the time given the pendency of his motion to amend the judgment. That motion having been denied, this consideration is now moot.

2. The parties have agreed to postpone any itemization of fees and costs pending this Court's decision on what categories of fees and costs, if any, are recoverable by plaintiff.

ties to address attorneys' fees issues "based upon this court's conclusion that neither Howard's decision to initially deny indemnification, nor the dispute over document production, constitutes bad faith on the part of Howard University." Memorandum Opinion of October 13, 1998, at 61. The Court similarly finds that the defendant's refusal to defend plaintiff against the FDIC claims was not done in bad faith. Consequently, the bad faith exception does not justify an award of fees and costs to the plaintiff.

Much of the argument submitted in support of and opposition to the motion for fees and costs dealt with whether or not the District of Columbia recognizes another less-common exception to the American Rule—that an insured is entitled to fees incurred as a result of his insurer's breach of a duty to defend. A panel of the District of Columbia Court of Appeals recognized such an exception in *Potomac Residence Club v. Western World Insur. Co.*, 711 A.2d 1228, *vacated,* 711 A.2d 1250 (D.C.1998), but that decision was vacated pending rehearing en banc, and the case settled out of court before an en banc decision was reached. The case therefore has no precedential value; although the panel's thorough analysis clearly identifies the issues, the vacatur leaves no indication of whether the panel's bottom-line ruling would likely be sustained or rejected by the court sitting en banc. The Court does agree with the panel in *Potomac Residence* that previous decisions of that court, relied on by the parties here as well as discussed in *Potomac Residence,* have not settled the issue of an insurer's liability for litigation costs where the insurer has breached an express duty to defend. *See id.* at 1235–38 (discussing, among other cases, *Siegel v. William E. Bookhultz & Sons, Inc.,* 419 F.2d 720 (D.C.Cir.1969), and *Safeway Stores,* 451 A.2d 66).

Under these circumstances, the Court finds that it would be inappropriate for the Court to recognize an exception to the American Rule that has not yet been adopted by the local courts. As the panel majority in *Potomac Residence* recognized, exceptions to the American Rule are just that—exceptions—, and the courts should exercise substantial caution in expanding them or recognizing new ones.

■ In any event, the rationale underlying the exception providing insurer liability for fees in cases where the insurer has breached a duty to defend does not apply with equal force in this case. After all, this case concerns a corporate bylaw that provides for qualified indemnification and defense of corporate officers as a benefit of employment; the context of duty-to-defend clauses in insurance contracts may provide a useful analogy, but it includes substantially different premises and policies. As explained by the panel majority in *Potomac Residence,* the various jurisdictions that have recognized an exception placing liability on insurers for breaches of a duty to defend have based their decisions on considerations not present here. For instance, "courts have recognized that disparity of bargaining power between an insurance company and its policyholder makes the insurance contract substantially different from other commercial contracts." *See Potomac Residence,* 711 A.2d at 1234 (citing *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73, 77 (1986)). No such disparity is apparent in the context of bylaws providing for the defense and indemnification of corporate officers. It has also been rightly noted that, where an insurer breaches a duty to defend, "the insured has paid its premiums for the specific purpose of avoiding any obligation to retain or pay counsel, and ... the insurer's breach has denied the insured the representation to which it had a right under the terms of the policy." *See id.* at 1235. Such a circumstance would prevent the insured "from enjoying the very benefit for which it bargained when it bought a policy containing a duty-to-defend provision." *See id.* at 1233. Needless to say, the corporate officer context is very different in this regard, where

the duty to defend cannot fairly be considered among the central objects of the contractual relationship. Balancing all of the several considerations present here, the Court declines to recognize a new exception to the American Rule under District of Columbia law, and the plaintiff's motion for fees and costs must be denied.[3]

## IV. CONCLUSION

For the reasons set forth above, the Court will deny plaintiff's motion to amend the judgment, grant defendant's bill of costs, and deny plaintiff's motion for attorneys' fees and other legal expenses.

A separate order will issue this date.

## ORDER

Upon consideration of plaintiff's motion to amend the judgment, the opposition and reply thereto, and the record in this case, and for the reasons set forth in the memorandum opinion issued this date, it is hereby ORDERED that the motion is DENIED.

Upon consideration of defendant's bill of costs and the opposition thereto, and for the reasons set forth in the memorandum opinion issued this date, it is hereby ORDERED that the plaintiff pay defendant's costs in the amount of $7,394.01.

Upon consideration of the plaintiff's motion for attorneys' fees and other legal expenses and the opposition and reply thereto, and for the reasons set forth in the memorandum opinion issued this date, it is hereby ORDERED that the motion is DENIED.

SO ORDERED.

---

**3.** The Court would also note that, even if plaintiff could establish some right to recover those fees and expenses incurred as a result of defendant's breach of a duty to defend, plaintiff would likely be entitled to recover only a small portion of the fees incurred in this litigation because he could not recover for unsuccessful claims.