194 A.2d 653 (1963)
William E. BAYLOR, Robert E. Parker, James W. McAbee, et al., Owners and Trustees of Mount Joy Baptist Church, Appellants,
v.
Hugo BORTOLUSSI, t/a Washington Heating and Plumbing Co., Appellee.
No. 3323.
District of Columbia Court of Appeals.
Argued September 30, 1963.
Decided November 4, 1963.
*654 George H. Windsor, Washington, D. C., with whom George E. C. Hayes, Washington, D. C., was on the brief, for appellants.
Ernest C. Raskauskas, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
MYERS, Associate Judge.
This is an appeal from a judgment for appellee upon his complaint to recover a balance on a contract to complete the installation of plumbing and heating equipment and from the refusal of the trial court to allow appellants (trustees) to assert a defensive counterclaim in the nature of recoupment.
The record discloses that in 1958, appellants, as owners and trustees of the Mount Joy Baptist Church, contracted with Areawide Building Corporation for certain repairs and additions to the church. Areawide subcontracted the work, including the plumbing and heating, which was to be done by appellee Bortolussi, trading as Washington Heating and Plumbing Co. Areawide fell behind in its payments to all subcontractors and on December 12, 1958, abandoned operations completely.[1] As a result *655 of a conference on January 8, 1959, between Bortolussi, the trustees, and representatives of Areawide and Perpetual Building Association, which had made a $48,500 loan to the trustees, the sum of $4,500 was paid to Bortolussi as part payment for the work he was to perform under his subcontract with Areawide. He gave the following receipt:
"Upon receipt of a payment of $4,500.00 from the Areawide Building Corporation, I agree to fully complete the plumbing and heating work on the * * * church * * * under the terms of a certain heating and plumbing contract entered into by and between Washington Heating and Plumbing Company and Areawide Building Corporation."[2]
Instead of going ahead with the work, Bortolussi filed a lien[3] against the church property for the balance due him and removed from the church certain heating equipment, some of which had already been installed. Between January 28, 1959, and March 4, 1959, three other subcontractors filed liens against the church property. The trustees then asserted their right to terminate the original contract with Areawide and undertook themselves to complete the work.
On March 11, 1959, the trustees executed a contract directly with Bortolussi to finish the plumbing and heating installation for $6,390. Upon his completion of the work, the trustees, on April 23, 1959, paid $5,000 to Bortolussi. When the balance of $1,390 under the contract, plus $180 for extra minor alterations agreed upon orally, was not paid, Bortolussi in August 1960 filed a second lien against the church property which was dismissed for failure to file within three months after completion of the job.[4] He thereupon instituted the present suit in debt against the trustees for the balance due him.
A decision of the United States Court of Appeals for the District of Columbia Circuit,[5] arising out of the action by the three other subcontractors to enforce their liens against the church property in the District Court, held that the removal of the heating equipment by Bortolussi was a tortious act; that the second contract of March 11, 1959, between Bortolussi and the trustees, paid him not only for finishing the work but for replacing equipment he had wrongfully removed. It concluded that the church was not entitled, as against the lien-holders, to deduct the full amount paid Bortolussi, pursuant to its contract with him, from the unpaid balance due from the church to Areawide.[6] Upon remand the District Court found that the lienholders were entitled to enforce their claims only to the extent of $660. Their appeal, as to the quantum of damages only, is now pending.
As expiration of the three-year statute of limitations prevented the trustees from instituting a tort action against Bortolussi, they attempted in the present case to assert a defensive counterclaim against him in the nature of recoupment, which the trial court denied, predicated on the reasonable cost of replacing equipment tortiously removed, the amount dependent upon the final figure which will eventually be set by the District Court in the lienholders' case still on appeal. *656 The trustees contend the court erred in not allowing a diminution pro tanto for any sums for which they might be held liable in that case.
The record supports the findings of the trial judge that there was no evidence of undue pressure or overreaching by Bortolussi in executing the new agreement with the trustees to complete the heating and plumbing work on the church, and that the selection of Bortolussi by the trustees was made voluntarily with full knowledge of the existing problems and claims and only after they had discussed the matter with other plumbers and were satisfied that Bortolussi was best equipped to complete the work. They had no complaint about his finished work. The contract with him amounted to the difference between what he had already been paid as subcontractor for Areawide and the total amount of his original subcontract.
We are of the opinion that the trustees' defensive counterclaim in the nature of recoupment was not in law available under the facts of this case. "Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counterclaim arising out of the same transaction." [Emphasis added.] Howard Johnson, Inc., of Florida v. Tucker, 5th Cir., 157 F.2d 959, 961, citing 57 C.J., Setoff and Recoupment, § 1; McGovern v. Martz, 182 F.Supp. 343, 349 (D.D.C. 1960); 3 Moore's Federal Practice ¶ 13.02, n. 1, ¶ 13.11. The record clearly showed that the counterclaim did not arise out of the same contract sued upon by Bortolussi. If it had, the trustees could have recouped. McGuire v. Gerstley, 26 App.D.C. 193, 204, affirmed 204 U.S. 489, 27 S.Ct. 332, 51 L.Ed. 581. Recoupment by way of defense is the right to cut down the original demand of the plaintiff because the plaintiff has violated some duty imposed by law upon him in the performance of the terms of the same contract or transaction on which the plaintiff's cause of action is based. 47 Am.Jur., Setoff and Counterclaim, § 6 et seq. If the claim is not immediately connected with or has not arisen out of the same contract or transaction, recoupment is not permitted as a defense, McGuire v. Gerstley, supra; Molesworth v. Schmidt, 196 Md. 15, 75 A.2d 100.
Moreover, and of equal importance, Article VI of the contract between Bortolussi and the trustees carried the following provision:
"* * * [T]he Contractor shall release all previous Liens and claims incurred under the terms of other Contracts agreed to by this Contractor and other parties thereto against the Owner's property. Upon receipt by the Contractor of the $4,375.00 hereinabove referred to, each of the Parties hereto does by these presents release the other from any claims arising out of Contractor's agreement with AREAWIDE BUILDING CORPORATION * *"
By this contract the parties released each other from any claims stemming from the contract between the trustees and Areawide and signified their intention to start afresh. Both the facts and the law compel the conclusion that the trustees, having no defensive counterclaim in recoupment, and having paid Bortolussi only $5,000 pursuant to their contract with him, owe him the sum of $1,570.
Although the trustees' second contention, that enforcement of Bortolussi's claim in its entirety would contravene public policy reflected in the Mechanic's Lien law, D.C.Code 1961, § 38-101 et seq., was neither pleaded nor raised in the trial court, we have considered this point and find it without merit. The record discloses no preferential treatment over any other subcontractors. We are not dealing with the general contractor's agreement here, but with an independent contract made after Areawide had failed to complete its work. *657 We therefore hold appellee is entitled to be paid the balance due under his contract of March 11, 1959, with the trustees, plus the agreed extras.
Affirmed.
NOTES
[1] At the time it appeared that the stoppage was only to allow installation of heating equipment, but later the insolvency and non-payment of subcontractors became known to the trustees and Perpetual Building Association.
[2] Bortolussi testified, without contradiction, that he accepted the payment of $4,500 not as a compromise or by way of a new contract but only under the terms of the contract with the Areawide Building Corporation. Under these terms, the balance due him had been owing for at least a month.
[3] D.C.Code, 1961, § 38-103. At some later period, this lien was released.
[4] D.C.Code, 1961, § 38-102.
[5] National Brick and Supply Company, et al. v. Baylor et al., 112 U.S.App.D.C. 73, 299 F.2d 454.
[6] Under Article 10 of the prime contract with Areawide, the owner, upon breach by the contractor, may have the work completed and deduct the cost thereof from the payments then or thereafter due the contractor.