**William J. SPRIGGS, et al., Appellants,**

**v.**

**William H. BODE, et al. & Dennis J. Riley, et al., Appellees.**

**Dennis J. RILEY, et al., Appellants,**

**v.**

**William J. SPRIGGS, et al., Appellees.**

**William H. BODE, et al., Appellants,**

**v.**

**William J. SPRIGGS, et al., Appellees.**

**Nos. 95–CV–295, 95–CV–401, 95–CV–402.**

District of Columbia Court of Appeals.

Argued Feb. 21, 1997.
Decided March 27, 1997.

---

John C. Hayes, Jr., Washington, DC, for appellants in No. 95–CV–295 and appellees in Nos. 95–CV–401 and 95–CV–402.

W. Neil Belden, Washington, DC, for appellants in No. 95–CV–401 and appellees Riley, et al., in 95–CV–295.

William C. Lane, with whom William H. Bode, Washington, DC, was on the brief, for

appellants in No. 95–CV–402 and appellees Bode, et al., in No. 95–CV–295.

Before TERRY, FARRELL, and KING, Associate Judges.

PER CURIAM:

These appeals stem from an action against a law firm, brought by an expelled partner of the firm, challenging the procedure used to expel him. Except for a ruling denying pre-judgment interest on the sums due to the expelled partner, we affirm.

## I.

On October 1, 1987, William J. Spriggs, William H. Bode, Joe G. Hollingsworth, Dennis J. Riley, Joseph A. Artabane, and Donald W. Fowler, some of whom had been partners together for several years, executed a partnership agreement to practice law, under the name "Spriggs, Bode & Hollingsworth" ("Spriggs, Bode"). Included in the partnership agreement were the terms for voting and for expelling a partner from the firm. On May 23, 1988, pursuant to the latter provision, all of the partners, with the exception of Bode, voted to expel Bode from the partnership.

The expulsion resolution included a "good will" provision whereby Bode's termination from the partnership would be governed by a "withdrawal agreement," so long as Bode abided by the conditions imposed. Under the withdrawal agreement, Bode would be entitled to his capital account, his share of the net income received by the firm as of the date of his withdrawal, June 30, 1988, and forty percent of the fees collected on work he performed before June 30 for a select list of clients, which fees were received by the firm after Bode's departure. The financial terms under the expulsion provision were less favorable to Bode. Under that provision Bode would also receive his capital account, and his share of the net income, with the cut-off date

a month earlier, May 31, 1988, but Bode would not receive any portion of the fees collected for work he performed for the select clients which were received after his departure. In either case, under the terms of the partnership agreement, whether his termination occurred under the withdrawal agreement or the expulsion resolution, the amount due Bode could be held by the firm for 120 days, without interest accruing, at which time Bode would be entitled to his sum, less "normal" and "prepaid" expenses owed by him to the partnership.

On August 5, 1988, after some of the remaining members of the firm decided that various actions by Bode constituted a breach of the withdrawal agreement, the firm notified Bode by letter that they were nullifying the withdrawal agreement. Nullification of the withdrawal agreement triggered the expulsion resolution as the operative provision governing Bode's termination from the firm.

On January 1, 1989, the remaining partners of the firm, William J. Spriggs, Joe G. Hollingsworth, Donald W. Fowler, Dennis J. Riley, and Joseph A. Artabane, along with Edward J. Beder, Jr., formed a new law partnership, naming it "Spriggs & Hollingsworth." The partnership agreement governing the new partnership, mirroring the partnership agreement governing Spriggs, Bode, included a clause, 4.4, that indemnified and held harmless any partner whose relationship with the partnership was thereafter terminated.[1] On May 1, 1990, Riley voluntarily terminated his partnership interest in Spriggs & Hollingsworth.

On August 8, 1990, Bode filed the instant action against Spriggs & Hollingsworth to recover the sum he claimed was owed him pursuant to the withdrawal agreement. Bode alleged that the law firm breached the terms of the Spriggs, Bode partnership agreement when they executed the letter nullifying the withdrawal agreement, and that the partners breached their fiduciary

---

1. Clause 4.4 provided:

   [T]he terminated partner shall have no continuing liability with respect to any outstanding indebtedness of the firm, including loans, after the end of the month in which the date of termination occurred. The remaining partners agree to indemnify and hold harmless the terminated partner with respect to any liability arising from such indebtedness.

   This clause is identical to clause 4.4 in the October 1, 1987, Spriggs, Bode partnership agreement.

duties when they failed to pay Bode the amount due him under the terms of the withdrawal agreement. Bode's complaint was thereafter amended following Spriggs & Hollingsworth's successful motions to dismiss the first, second and third amended complaints. Spriggs & Hollingsworth moved to dismiss the second amended complaint because it did not include an "indispensable party," Dennis J. Riley. Bode's third and fourth amended complaints included Riley as a defendant. Bode's motion for leave to file a fifth amended complaint was denied by the court on November 30, 1993.

Spriggs & Hollingsworth answered Bode's fourth amended complaint on December 21, 1993, denying it had breached either the withdrawal agreement or any fiduciary duty. Spriggs & Hollingsworth alleged that it was Bode who had breached the withdrawal agreement and that the nullification of that agreement was justified by Bode's conduct. Spriggs & Hollingsworth also filed a counterclaim, setting forth a claim of recoupment, or, in the alternative, a set-off, arising from Bode's handling of the "Rosow" account while he was a partner with Spriggs, Bode. On Bode's motion, the trial court dismissed Spriggs & Hollingsworth's recoupment and set-off claims. The court concluded that the Rosow matter was extraneous to the claim asserted by Bode in the instant action, and that, because it was not a compulsory claim, whether it was styled as a counterclaim or as a request for recoupment or set-off as an affirmative defense, it was barred by the statute of limitations.[2]

Riley answered Bode's fourth amended complaint and denied any liability or obligation to Bode. Riley also filed a cross-claim against Spriggs & Hollingsworth to establish a right of indemnification, pursuant to clause 4.4 of the Spriggs & Hollingsworth partnership agreement. See *supra* note 1. Based on the terms of the indemnification clause, Riley's motions for summary judgment on both Bode's claim and on his cross-claim for indemnification were granted. Later, the trial court granted Riley's request for attorneys' fees and costs incurred in defending against Bode's claim.

Following a bench trial, the trial court ruled that Spriggs, Bode had neither breached the terms of the withdrawal agreement nor its fiduciary duty to Bode by failing to render his termination payment. Instead, the court found that Bode had breached the terms of the withdrawal agreement and that the expulsion action by the remaining partners was not improper. The court concluded that Bode was entitled to his compensation package as set out in the expulsion resolution,[3] but denied his request for prejudgment interest on that amount.

Spriggs & Hollingsworth appeal the trial court's grant of summary judgment for Riley on his indemnity claim, the court's denial of its request for recoupment or set-off against Bode, and the court's grant of attorneys' fees and costs to Riley for his defense against Bode's complaint under the indemnity provision. Bode appeals the trial court's finding that he had breached the withdrawal agreement, the ruling that the law firm had not improperly nullified that agreement, and the court's denial of prejudgment interest on the judgment amount. Finally, Riley argues that he is entitled to attorneys' fees and costs incurred in defending Spriggs & Hollingsworth's appeal of the trial court's grant of summary judgment on the indemnity issue.

We affirm all of the rulings of the trial court except for the ruling denying Bode prejudgment interest. We also deny Riley's request for attorneys' fees and costs in defending this appeal.

---

2. Spriggs & Hollingsworth answered Bode's fourth amended complaint, filed a counterclaim and asserted an affirmative defense based on Bode's alleged breach of the partnership agreement and fiduciary duty to the partnership based on his handling of the Rosow account. Bode's motion to dismiss the counterclaim as time-barred was granted. The trial court also granted Bode's request, pursuant to a motion in limine, to exclude Spriggs & Hollingsworth's affirmative defense of recoupment or set-off, ruling that the Rosow matter was extraneous to Bode's complaint, and that both a recoupment and a set-off were barred by the statute of limitations.

3. The trial court found that Bode's capital account and his percentage of the net income for the year up to May 31, 1988, totaled $134,038. That sum is not disputed.

## II.

Unless clearly erroneous, we will uphold the trial court's findings of fact, while we review *de novo* its rulings of law. *Vereen v. Clayborne*, 623 A.2d 1190, 1192 (D.C.1993); *Springer v. Springer*, 248 A.2d 822, 823 (D.C. 1969) ("we may disturb the trial court's ultimate findings and conclusions only if they are clearly erroneous or without evidence to support them"). Other than the ruling on prejudgment interest, which we discuss in part III, *infra*, none of the issues raised require more than brief discussion.[4]

■ First, the trial court did not err when it denied Spriggs & Hollingsworth's claims for recoupment or set-off. It is undisputed that these claims were made after the applicable statute of limitations had run and that Spriggs & Hollingsworth is barred from raising them unless they are inseparable from the underlying claim. *Baylor v. Bortolussi*, 194 A.2d 653, 655 (D.C.1963). "If the claim is not immediately connected with or has not arisen out of the same contract or transaction, recoupment is not permitted as a defense." *Id.* at 656; *see also Lofchie v. Washington Square Ltd. Partnership*, 580 A.2d 665, 667–68 (D.C.1990). We cannot say that the trial court erred when it concluded that Bode's role in the Rosow case was unrelated to the essentially mechanical process of determining the amount due an expelled partner.

■ Second, we are in agreement with the trial court's succinct statement, in granting Riley's motion for summary judgment on his cross-claim for indemnification from Spriggs & Hollingsworth, where the court, in interpreting the governing provision in the partnership agreement, observed:

[T]he court concludes that the language of Section 4.4 [5] is unambiguous and shall be given its plain meaning. Had the parties, all trained lawyers, wanted the agreement to exclude indemnification for the Bode claim, or to limit the right of indemnification to indebtedness, which arose since the execution of the 1989 Partnership Agreement; such a reservation could have been included therein. It was not and the language plainly provides that Mr. Riley will be indemnified for any liability arising out of partnership business, and such claims would include pre–1989 partnership business as well as post–1989 agreement partnership business.

*See Burns v. Hanover Ins. Co.*, 454 A.2d 325, 328 (D.C.1982).

■ Finally, both Riley and Spriggs & Hollingsworth agree that, under *Safeway Stores Inc. v. Chamberlain Protective Serv., Inc.*, 451 A.2d 66 (D.C.1982), a party who successfully prosecutes a claim to establish its right to indemnification against the indemnitor is not entitled to attorneys' fees from the indemnitor that were incurred in that proceeding. *Id.* at 72. However, where the prevailing indemnitee is compelled to defend a claim by some third-party, which is based on the negligence or breach of the indemnitor, the indemnitee is entitled to attorneys' fees incurred in defending the underlying action. *Id.* at 68–69. Riley was brought into the case as a defendant only after Spriggs & Hollingsworth moved to dismiss Bode's second amended complaint for failing to include Riley as an indispensable party. Riley prevailed against Bode because Spriggs & Hollingsworth was required to indemnify Riley against such an action. The trial court awarded $20,000 in attorneys' fees and costs to Riley for defending against Bode's complaint, not for the costs and fees incurred in establishing his right to indemnification from Spriggs & Hollingsworth.[6]

---

4. The trial court concluded that Spriggs, Bode did not breach the terms of the withdrawal agreement. The court also found that it was Bode, based on his conduct after the withdrawal agreement had been negotiated and executed, who breached the withdrawal agreement. These findings are not clearly erroneous. The trial court also found that two-thirds of the partners had approved the expulsion letter, either explicitly or by acquiescence. The trial court's findings on that point are not clearly erroneous, and there is no basis for concluding that the partnership agreement required anything more.

5. See note 1, *supra*.

6. Riley submitted an affidavit to the trial court itemizing his attorneys' fees and costs incurred in defending against Bode's complaint and in establishing his right to indemnification from Spriggs & Hollingsworth. These fees and costs

Fees for that purpose are permitted by our holding in *Safeway Stores, supra,* 451 A.2d at 69, and there is no contention that the sum awarded was not reasonable.[7]

### III.

■ We are issuing a published opinion in this case only because we must reverse the trial court's ruling that Bode is not entitled to prejudgment interest. Although the trial court was not specific in its ruling, it appears that the court was exercising discretion, pursuant to D.C.Code § 15–109,[8] when it declined to award prejudgment interest to Bode, apparently on account of his failure to make a timely demand for his termination pay. Because we conclude that the amount due Bode was a liquidated debt, *District of Columbia v. Pierce Assocs., Inc.,* 527 A.2d 306, 311 (D.C.1987) (a liquidated debt is one that is easily determinable at the time the dispute arises), the question of prejudgment interest is governed not by section 15–109 but by D.C.Code § 15–108.[9] Under that provision it is error for the trial court to deny prejudgment interest to the prevailing party based on any fault or omission on the part of that party. *District of Columbia v. Potomac Elec. Power Co.,* 402 A.2d 430, 441 (D.C.1979) (prejudgment interest shall be awarded on liquidated debt regardless of party's fault or innocence). Section 108 provides that prejudgment interest shall be paid on "a liquidated debt on which interest is payable by contract...." While the Spriggs, Bode partnership agreement (contract) established that no interest accrued on the liquidated debt during the 120 days following Bode's

termination, May 31, 1988, it is clear that the partners intended that interest would accrue on that amount *after* the 120–day period had lapsed. Accordingly, prejudgment interest was mandated under section 108. *See Riggs Nat'l Bank v. Carl G. Rosinski Co.* 596 A.2d 997, 1000 (D.C.1991) ("Section 108 designates the situations where prejudgment interest is mandatory"); *District of Columbia v. Pierce Assoc., Inc., supra,* 527 A.2d at 310. Therefore, the trial court is directed to award prejudgment interest on the amount owed to Bode under the terms of the expulsion resolution, $134,038, beginning from 120 days after May 31, 1988.

### IV.

For the reasons stated, except for the order awarding prejudgment interest to Bode on the liquidated debt arising under the terms of the expulsion resolution, the trial court's findings of fact and conclusions of law are affirmed.

*Affirmed in part and reversed in part.*

---

totaled $45,667.50. The amount of the fee request attributable to defense of the Bode claim against Riley exceeded the sum awarded by the court.

7. We reject Riley's claim that he is entitled to costs and attorneys' fees incurred in defending against Spriggs & Hollingsworth's appeal of the trial court's grant of summary judgment on the issue of indemnification, contending that the appeal is frivolous, *see Tupling v. Britton,* 411 A.2d 349, 352–53 (D.C.1980), because we conclude that Spriggs & Hollingsworth's appeal is not so lacking in merit so as to entitle Riley to a fee award.

8. In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of

the judgment only. This section does not preclude the ... [trial] court ... from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff. In an action to recover damages for a wrong the judgment for the plaintiff shall bear interest.

D.C.Code § 15–109 (1995).

9. In an action ... to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

D.C.Code § 15–108 (1995).