Frederic W. SCHWARTZ, Jr., Appellant,

v.

Dean E. SWARTZ, Appellee.

No. 96–CV–555.

District of Columbia Court of Appeals.

Argued Dec. 15, 1998.

Decided Dec. 30, 1998.*

Frederic W. Schwartz, Jr., appellant pro se.

Dean E. Swartz, appellee pro se.

Before RUIZ and REID, Associate Judges and KING, Senior Judge.

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published, with minor revisions, by direction of the court.

REID, Associate Judge.

Appellant Frederic W. Schwartz, Jr. appeals from an order of the trial court denying his post-trial motion to add prejudgment interest to the jury award of $41,100.99, in his favor and against appellee Dean E. Swartz. We affirm.

## FACTUAL SUMMARY

Mr. Schwartz and Mr. Swartz, both District of Columbia attorneys, entered into a retainer agreement under which Mr. Schwartz agreed to provide legal representation to Mr. Swartz, Mr. Thomas Rees, a California attorney, and the Boccardo Law Firm in a lawsuit filed by Mr. Swartz' prior law firm, Connors, Fiscina, Swartz & Zimmerly and the partners of that firm.[1] When Mr. Schwartz was terminated from his representation of Mr. Swartz, some legal fees and costs remained outstanding. Accordingly, Mr. Schwartz billed Mr. Swartz the sum of $41,100.99 for attorneys fees and costs, and demanded payment. On April 3, 1993, after Mr. Schwartz threatened to sue him, Mr. Swartz signed an agreement stating that he would file suit against his insurance company "by May 1, 1993, and to seek the full amount which Mr. Schwartz is seeking in the draft complaint which he has supplied me, i.e., $41,100.99 with pre-judgment and post-judgment interest."

According to Mr. Schwartz' complaint in this action, Mr. Swartz sued his insurance company for "at least $66,275 in defense costs and attorneys fees" for failure to defend him in the action brought by his previous law firm and its partners. On October 14, 1993, Mr. Swartz settled with his insurance carrier for $77,000. However, he did not pay Mr. Schwartz the legal fees and costs owed to him. Consequently, in October 1994, Mr. Schwartz filed this action for quantum meruit, breach of contract, and unjust enrich-

ment, seeking "$41,100.99 with pre-judgment and post-judgment interest."[2] After a jury trial, judgment was entered in Mr. Schwartz' favor in the amount of $41,100.99 with interest thereon from 12/13/95 at the rate of 6 per cent per annum as provided by law, and his costs of action.

Mr. Schwartz filed a post-trial motion seeking prejudgment interest. The trial court denied the motion on the grounds that "the contract did not provide for interest to be paid and no effort [was] made to present the issue to the jury. D.C.Code § 15–108, – 109 ." Mr. Schwartz filed a timely appeal.

## ANALYSIS

■ Mr. Schwartz contends that he is entitled to prejudgment interest under D.C.Code § 15–108 (1995) which provides:

In an action in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time it was due and payable, at the rate fixed by the contract, if any, until paid.

The contract or agreement for legal services, which was the subject of Mr. Schwartz' complaint, does not appear in the record.[3] However, Mr. Schwartz' complaint indicates that "he agreed to an initial fee of $90 per hour" although "his customary fee was $125–$150 per hour." Moreover, his complaint states that he claimed payment "for 86.4 hours of service at the rate of $125 per hour and the additional sum of $35 per hour for an additional 472.3 hours," and $547.50 in costs. Whether the retainer agreement included a provision specifying when the fee could be raised from $90 per hour to $125 per hour, or lowered to $35 per hour is not clear from the record before us.[4] Furthermore, it appears

---

1. The retainer agreement was not made part of the record, and thus, its specific terms are unknown.

2. Because Mr. Rees was not timely served with the summons and complaint in this matter, he was dismissed from Mr. Schwartz' lawsuit.

3. "[I]t is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred." *Cobb v. Standard Drug Co., Inc.,* 453 A.2d 110, 111 (D.C.1982).

4. During oral argument Mr. Schwartz referenced an oral agreement. However, the record on appeal does not contain the details of any oral contract.

that the retainer agreement contained no liquidated damages clause, and no rate of interest provision. Mr. Swartz disputed the amount of the legal fees claimed by Mr. Schwartz. Mr. Swartz insisted that he had no obligation to pay for the legal services rendered to Mr. Rees and the Boccardo Law Firm, and that Mr. Schwartz was not entitled to interest because of his failure to pursue Mr. Swartz' liability insurance company. Thus, Mr. Swartz argues, the attorneys fees claimed cannot constitute liquidated damages. Mr. Schwartz disagrees, and maintains that *Giant Food, Inc. v. Bender,* 399 A.2d 1293 (D.C.1979), supports his argument that the debt owed to him is liquidated.

In *Giant Food, Inc., supra,* Giant entered into a 1968 contract with Jack I. Bender & Sons for the installation of twelve floors of specified carpet in an office building. Giant ran out of the specified carpet and, by agreement, installed a substitute carpet on the top two floors of the building. The substitute carpet, which was subject to a five year warranty, proved to be defective after three years. Giant and Bender then entered into a 1973 contract for the replacement of the substitute carpet on the top two floors. After the replacement job was completed, Bender refused to pay $40,139.92 to Giant, which was the contract price for the cost of replacement. Giant sued Bender, and Bender counterclaimed for breach of warranty. The court concluded that the 1973 contract price was a liquidated debt, but that the amount for which Bender counterclaimed constituted an unliquidated debt of $20,731.50. Furthermore, the court concluded that: "Giant [was] ... entitled to prejudgment interest on the difference between the amount of its liquidated claim ($40,139.92) and Bender's unliquidated counterclaim—$20,731.50." *Id.* at 1303.[5]

In this case, Mr. Schwartz is more closely aligned with the position of Bender who counterclaimed for a debt found to be unliquidated. Mr. Schwartz' claim was unliquidated because it was not easily ascertainable and was in dispute. Mr. Schwartz' retainer agreement with Mr. Swartz did not contain a definite sum for legal services as did the 1973 Giant contract. On the contrary, according to Mr. Schwartz' complaint, different hourly rates applied at different times for his legal services. Moreover, unlike in *Giant Food, Inc.* where there was no dispute as to the contract price for the replacement carpet, here Mr. Swartz disputed the amount charged for Mr. Schwartz' legal services. In addition, unlike the replacement contract in *Giant Food, Inc.,* Mr. Schwartz' retainer agreement apparently included nothing that could be identified as an interest provision, at least Mr. Schwartz has called no such provision to our attention. In short, under *Giant Food, Inc.,* Mr. Schwartz' case does not involve a liquidated debt. As we said in *District of Columbia v. Pierce Associates, Inc.,* 527 A.2d 306 (D.C.1987): "A liquidated debt is one which 'at the time it arose, ... was an easily ascertainable sum certain.'" *Id.* at 311 (quoting *Kiser v. Huge,* 170 U.S.App.D.C. 407, 421, 517 F.2d 1237, 1251 (1974), *rev'd in part on other grounds,* 171 U.S.App.D .C. 1, 517 F.2d 1275 (1975) (en banc)).[6] Although some retainer agreements, such as a fixed fee or contingent fee arrangement, may be regarded as containing a liquidated debt provision, Mr. Schwartz' "action [was not] based upon an attorney-client contract for a definite fee or a fee contingent upon a percentage of recovery (i.e., an amount ascertainable by mathematical calculation after a settlement or final judgment for damages)." [7] *John v. Mur-*

---

5. The parties in *Giant Food, Inc.* disagreed as to the proper measure of damages for the breach of warranty claim. Giant argued that the proper measure was the price of the original carpeting which was determined by the cost per square yard of carpet. Bender contended that the proper measure was the cost of replacing the defective carpet. 399 A.2d at 1306. Bender's position prevailed.

6. The contract price in *Pierce Associates, Inc., supra,* was $10.6 million. Based upon change orders, the contract price subsequently was increased to $11.77 million. There was no dispute as to the revised contract price. The court determined that the sum owed, the revised contract price, constituted a liquidated debt.

7. Mr. Schwartz contends that a liquidated debt need not be shown by an express contract. There is authority in support of that position. For example, Corbin states:

For the purpose of collecting interest as damages, it is not necessary that the exact

*phey,* 651 A.2d 812, 813 (D.C.1994). Significantly, in addition to his breach of contract claim, Mr. Schwartz included a claim based on quantum meruit. " '[Quantum meruit] damages are by their very nature unliquidated and must be the subject of controversy and proof at trial.' " *District of Columbia v. Campbell,* 580 A.2d 1295, 1301 (D.C.1990) (quoting *Giant Food, Inc., supra,* 399 A.2d at 1300).[8] We conclude that this case does not involve a liquidated debt, and thus, § 15–108 is inapplicable. We turn now to § 15–109.

D.C.Code § 15–109 provides in pertinent part:

> In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only. This section does not preclude the jury, or the court, if the trial be by the court, from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff.

Under § 15–109, Mr. Schwartz is entitled only to post-judgment interest, unless the jury or the court "includ[es prejudgment] interest as an element in the damages awarded, if necessary to fully compensate the plaintiff."

■ Prejudgment interest is generally regarded as " 'merely another element of damages.' " *Waverly Taylor, Inc. v. Polinger,* 583 A.2d 179, 185 (D.C.1990) (quoting *Kiser v. Huge, supra,* 170 U.S.App.D.C. at 421, 517 F.2d at 1251). Thus, Mr. Schwartz could have introduced at trial, for the jury's consideration, evidence to show that prejudgment interest was necessary to fully compensate him. He did not. Instead, he presented the issue to the trial judge in a post-trial motion. In *Emersons, Ltd. v. Max Wolman Co.,* 388 F.Supp. 729, *aff'd* 530 F.2d 1093 (D.C.Cir. 1976), a case involving an insurance claim for a business interruption loss due to a fire, "the issue [of prejudgment interest] was not

argued at [the bench] trial, nor was any evidence submitted on the issue." 388 F.Supp. at 736. The trial judge declined to impose prejudgment interest saying: "It is inappropriate at this point in time for the Plaintiffs to seek interest in some heretofore unspecified sum. In fairness, the court will not allow such interest to be levied ... except from the date of judgment." *Id.* The same could be said about Mr. Schwartz' post-trial motion.

Mr. Schwartz urges us to follow *Spriggs v. Bode,* 691 A.2d 139 (D.C.1997), a case involving a law partner who withdrew from the law partnership. There, we reversed the trial court's decision not to award prejudgment interest. However, *Spriggs* differs from the present case because the sum due and owing to the appellant was not in dispute, and because we determined that § 15–108 was applicable. Hence, the imposition of prejudgment interest was obligatory. In this case, we conclude that § 15–109 applies.

■ Based on the record before us, we cannot say that the trial court erred under § 15–109 in denying Mr. Schwartz' post-trial motion to add prejudgment interest. Mr. Schwartz' contract did not provide for prejudgment interest and the issue was not presented to the jury during trial. We see nothing in the record indicating that prejudgment interest was "necessary to fully compensate" Mr. Schwartz. Thus, he is not entitled to prejudgment interest under § 15–109.

■ In the alternative, Mr. Schwartz argues that the trial court should have imposed prejudgment interest under Super.Ct.Civ.R. 59(e) or 60. We find no merit to this argument. "The decision whether to grant or deny a motion to alter or amend judgment under Rule 59(e) lies within the broad discretion of the trial court." *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 810 (D.C.1984) (citations omitted).

---

amount of money should have been determined by the terms of an express contract. For this purpose the debt is regarded as liquidated if the amount due can be determined by mere mathematical computation. Corbin on Contracts § 1046 (1951 ed.). However, we need not decide this issue here. Therefore, we express no views concerning it.

8. Because no special verdict form was used in the trial of this case, we have no way of knowing whether the jury decided the case on the basis of Mr. Schwartz' breach of contract or quantum meruit claim.

"Although the trial court was not specific in its ruling, it appears that the court was exercising discretion, pursuant to § 15–109,[ ] when it declined to award prejudgment interest to [Schwartz]." *Spriggs, supra,* 691 A.2d at 144. We have concluded already that there was no abuse of discretion under § 15–109. We also conclude that there was no abuse of discretion by the trial judge in denying Schwartz' post-trial motion under Rule 59(e). Further, Mr. Schwartz made no showing under Rule 60(b) of "[m]istake, inadvertence, surprise, or excusable neglect," or exceptional circumstances such as newly discovered evidence or fraud; and because he identified no clerical mistake under Rule 60(a), he also was not entitled to relief under Rule 60. *See Clement v. Dep't of Human Servs.,* 629 A.2d 1215, 1218 (D.C.1993) (Rule 60(a) "applies only to errors that are clerical or arise from oversight or omission"); *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 519 (D.C.1985) (Rule 60(b) affords "post-judgment relief only under exceptional circumstances").

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*